**IN RE: CATHOLIC BISHOP OF NORTHERN ALASKA, Debtor,**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Dewey Green and Mary Reader,
Plaintiffs–Appellants,

v.

Unaatuq, LLC, Defendant–Appellee.

In re: Catholic Bishop of Northern
Alaska, Debtor,

Louie Green, Jr., Plaintiff–Appellant,

v.

Unaatuq, LLC, Defendant–Appellee.

No. 15–35197, No. 15–35205

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted August 3,
2016 Anchorage, Alaska

FILED August 17, 2016

Mark P. Melchert, Attorney, Jermain
Dunnagan & Owens P.C., Anchorage, AK,
for Plaintiffs–Appellants (Case No. 15–
35197).

Bruce A. Moore, Attorney, Landye, Bennett, Blumstein, LLP, Anchorage, AK, for
Defendant–Appellee.

Wayne Dawson, Dawson Law Group,
LLC, Anchorage, AK, for Plaintiff–Appellant (Case No. 15–35205).

Before: FISHER, PAEZ, and
HURWITZ, Circuit Judges.

MEMORANDUM *

As part of its 2010 bankruptcy proceedings, the Catholic Bishop of Northern
Alaska ("CBNA"), sold Pilgrim Springs
(the "Property"), to Unaatuq, LLC. As
part of the sale, the bankruptcy court rejected the claims of Louis Green Sr. and
his wife Nancy (the "Greens") to have
adversely possessed the Property. When
Unaatuq attempted to occupy the Property, Louis Green, Jr., Stacey Green, and
Mary Reader (the "Claimants") refused to
vacate. In this adversary proceeding, the
bankruptcy court granted Unaatuq's motion to enforce the prior judgment against
the Greens, and ordered the Claimants to
vacate the Property in support of that
prior judgment. The district court affirmed. We have jurisdiction under 28
U.S.C. § 158(d)(1), and affirm.

1. In response to Unaatuq's motion to
enforce the prior judgment, Claimants
filed a request for Rule 60(b) relief, arguing they had been denied due process in
the bankruptcy proceedings because they
had not been provided with actual notice of
the sale of the Property. Assuming, without deciding, that Claimants were entitled
to actual notice of the sale of the Property,
we agree with the district court that any
error was harmless, as Claimants were
allowed to present their adverse possession claims to the bankruptcy court in this
adversary proceeding and the court correctly concluded that those claims fail. See
Fed. R. Bankr. P. 9005 (incorporating Fed.
R. Civ. P. 61); In re Rosson, 545 F.3d 764,
776 (9th Cir. 2008).

2. Alaska has adopted the common law
by statute. Alaska Stat. § 01.10.010 ("So
much of the common law not inconsistent
with the Constitution of the State of Alaska or the Constitution of the United States
or with any law passed by the legislature
of the State of Alaska is the rule of decision in this state."); Carter v. Brodrick, 644
P.2d 850, 853 n.1 (Alaska 1982). Under the
common law, the statutory period for ad-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

verse possession did "not commence to run" during Pilgrim Springs, Ltd.'s possession of the Property as lessee. Restatement (First) of Prop. § 222 (Am. Law Inst. 1936). Any claim of adverse possession arising during the lease period could not attach to the fee simple ownership. *See* Restatement (Second) of Prop.: Landlord & Tenant § 1.2 (Am. Law Inst. 1977); 25 Am. Jur. 2d *Ejectment* § 1 (2014); 75 Am. Jur. 2d *Trespass* § 18 (2014). Even assuming Alaska provides a mechanism for CBNA to have protected its reversionary interest, *see* Alaska Stat. § 09.10.030, *Shilts v. Young*, 567 P.2d 769, 775 n.22 (Alaska 1977), Claimants have not persuaded us the Alaska Supreme Court would adopt the minority rule that such a mechanism prevents CBNA from benefitting from tolling during the pendency of the lease. *See* 3 Thomas E. Atkinson et al., American Law of Property § 4.113 (1952).

**AFFIRMED.**